■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS TORRES, Respondent.—Order of the Supreme Court, Bronx County (Howard E. Goldfluss, J.), entered January 8, 1986, which vacated a judgment of the Supreme Court, Bronx County (Alexander Chananau, J., at plea and sentence), rendered December 5, 1975, convicting the defendant of attempted assault in the second degree and sentencing him to a five-year term of probation, is unanimously reversed, on the law and facts, and the conviction and sentence reinstated.

On April 30, 1984, an indictment was filed charging the defendant with sodomy in the first degree and other crimes. On February 19, 1985, he entered a plea of guilty to sexual abuse in the first degree in satisfaction of all the crimes charged in the indictment. The defendant was promised a six-month term of intermittent (weekend) incarceration and a period of 4½ years' probation, recommended by the prosecutor on the ground that defendant had no prior convictions.

On April 9, 1985, the date set for sentencing, the People filed a predicate felony information listing a conviction in 1975 for attempted assault in the second degree. Thereafter, defendant moved, pursuant to CPL 440.10, for an order setting aside this earlier conviction, relying on alleged inadequacies in the plea allocution. The defendant claimed that the allocution did not establish the elements of the crime, that the court failed to conduct any inquiry as to a possible defense of justification and to explore whether the defendant was aware of the defenses available to him and therefore was waiving them voluntarily.

The motion to vacate the 1975 conviction was granted. Criminal Term, on reviewing the Grand Jury minutes covering the 1973 incident and on the colloquy set out in the minutes of that plea, ruled that the court which had accepted the earlier plea committed error when it failed to inquire whether the defendant was aware of his potential justification defense.

As a procedural matter, the defendant improperly moved to challenge his 1975 felony judgment of conviction by relying on CPL 440.10. The Court of Appeals has stated: "When, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed only by direct appeal (CPL 400.10 [2] [b], [c]). Only in the unusual situation that sufficient facts with respect to the issue do not appear on the record is a CPL 440.10 motion to vacate available as a means of review." *(People v Cooks,* 67 NY2d 100, 104.) However, defendant could have moved pursuant to CPL 400.21 to challenge his second felony offender status and, accordingly, we treat his motion as one made pursuant to this latter section.

It is clear, however, on analysis, that the earlier conviction passes constitutional muster. Review of the record shows the defendant was aware, when he then pleaded guilty, that he was thereby avoiding the more serious felonies with which he was charged. The defendant took a plea to the crime of attempted assault in the second degree so as to secure an "E" felony—the least severe in the panoply of felonies. It is recognized that the defendant may plead guilty to a hypothetical crime in order to avoid the risk of a greater sentence. *(See,* Penal Law § 110.00; *see also, North Carolina v Alford,* 400 US 25; *People v Clairborne,* 29 NY2d 950.)

The defendant, himself, admitted that he committed a reckless assault by throwing an object at his victim. His action established defendant's guilt of assault in the second degree, a class "D" felony. *(See,* Penal Law § 120.05.) Defendant, as a consequence of his plea bargain, was permitted to plead guilty to attempted assault in the second degree, in spite of the fact that his allocution was sufficient to sustain his guilt of a completed assault. *(See,* Penal Law § 120.05; *see also, North Carolina v Alford, supra.)* So this allocution supplied the legal justification for his conviction.

The main ground for the holding of the Criminal Term that the 1975 allocution was flawed is that defendant was not advised of and given the chance to expressly waive a claim of

self-defense. The well-recognized state of the law, however, is that there is no "uniform mandatory catechism of pleading defendants". *(People v Nixon,* 21 NY2d 338, 353.) At the present time, the constitutional validity of the plea is based on all of the circumstances of the plea, including its "rationality" and whether the defendant knowingly, intelligently and voluntarily gave up his rights under the Constitution. *(People v Harris,* 61 NY2d 9, 15-17.)

Consideration of the plea allocution and the testimony before the Grand Jury leads to the conclusion that the 1975 allocution was not defective, but rather complied with constitutional requirements. Actually, the defendant was queried, during the course of the 1975 allocution, as to a possible claim of self-defense. In the presence of defendant and his counsel, the court asked, "Wasn't there a question here of some provocation and harassment of the security officers by these young people?" While the prosecutor acknowledged that the parties had engaged in horseplay, neither defendant nor defense counsel responded that the defendant acted in self-defense. Moreover, defendant was fully apprised of his right to a trial by jury, during which, of course, he would have been free to present a self-defense argument. *(See, People v Harris, supra.)* He was also informed, during sentencing, that he now had a felony conviction on his record and any future felony conviction would cause him to be punished more harshly.

Finally, the Grand Jury testimony which was relied on by Criminal Term clearly shows that defendant had no real claim of self-defense when he threw the flashlight, but that the incident arose out of recklessness on his part, not fear of imminent physical injury. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.