■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEAL CASTETTER, Appellant. [881 NYS2d 914]—

Spain, J. Appeal from a judgment of the County Court of

Broome County (Smith, J.), rendered August 19, 2008, convicting defendant upon her plea of guilty of the crime of promoting prison contraband in the first degree.

On March 7, 2008, while defendant was serving a weekend sentence in the Broome County Jail for a prior criminal offense, jail officials searched her cell and discovered heroin and dalmane, a prescription drug. As a result, defendant was charged in a superior court information with two counts of promoting prison contraband in the first degree. She subsequently waived indictment and pleaded guilty to one count in full satisfaction of both charges and was sentenced as a second felony offender to a prison term of 2 to 4 years. She now appeals.

Although defendant's challenge to the factual sufficiency of her plea allocution is precluded by her failure to make a motion to withdraw her plea or vacate the judgment of conviction (*see People v Davis-Ivery*, 59 AD3d 853, 854 [2009]), the narrow exception to the preservation requirement is applicable as defendant's factual recitation negated an essential element of the crime to which she pleaded guilty (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ramirez*, 42 AD3d 671, 672 [2007]). Although a person confined to a detention facility is guilty of promoting prison contraband in the first degree merely by possessing dangerous contraband (*see* Penal Law § 205.25 [2]), defendant was not charged with violating that specific subdivision of the applicable statute. Rather, defendant's crimes are alleged to have been committed in violation of Penal Law § 205.25 (1), which states that a person is guilty of promoting prison contraband in the first degree if the person "knowingly or unlawfully introduces dangerous contraband into a detention facility." Indeed, count one of the superior court information charges defendant with "bring[ing] heroin into the Broome County [Jail]" and count two charges her with "bring[ing dalmane] into the Broome County [Jail]."

Before accepting defendant's plea to count one, County Court asked her if she brought heroin into the jail and defendant answered "yes." However, on further inquiry by the court, defendant stated that she found the heroin on the floor of a dressing room within the facility. Although defendant added that "[she] was in possession of it so [she was] guilty," County Court informed her that "maybe not . . . [y]ou are charged with bringing it in." Notwithstanding such an implicit acknowledgment of defendant's possible confusion regarding the distinction between subdivisions (1) and (2) of Penal Law § 205.25, County Court did not clarify to defendant that she had only been

charged with the former. Rather, County Court's subsequent inquiries pertained strictly to whether defendant brought dalmane into the facility and where "in the jail" she found the heroin. Inasmuch as defendant's responses offered no indication that she was admitting to bringing the heroin into the jail, or that she was even aware of the exact nature of the charge to which she was pleading guilty, we conclude that County Court improperly accepted her guilty plea to count one of the superior court information (*see People v Pagan*, 36 AD3d 1163, 1165 [2007]).

Defendant's remaining contention is rendered academic by our decision.

Cardona, P.J., Rose, Kane and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.