■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA L. ROY, Appellant. [908 NYS2d 791]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 4, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Oneida County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35). Although the contention of defendant that her plea was not voluntarily, knowingly and intelligently entered survives her valid waiver of the right to appeal, defendant failed to move to withdraw her guilty plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Zulian*, 68 AD3d 1731 [2009]). We agree with defendant, however, that this is one of those rare cases where preservation is not required because "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]). Thus, County Court had a "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*id.*).

We conclude that the court failed to make the requisite inquiry to ensure that defendant's plea was voluntarily entered.

"[A]t a minimum the record of the . . . plea proceedings must reflect . . . that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt" (*People v Ocasio*, 265 AD2d 675, 678 [1999]). "Although [the court] made some further inquiries of defendant, none of them [was] even remotely sufficient to determine that the plea was entered intelligently and with knowledge of the nature of the charge and with the requisite criminal intent" (*id.* at 677; *see People v Speed*, 13 AD3d 1083, 1084 [2004], *lv denied* 5 NY3d 795 [2005]).

Based on our decision, we see no need to address defendant's remaining contentions. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.