# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**420**

**KA 10-00552**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

JESS STARKWEATHER, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered February 9, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of two counts of criminal contempt in the second degree (Penal Law § 215.50 [3]). According to defendant, reversal is required because the superior court information (SCI) charging him with those offenses is jurisdictionally defective inasmuch as it fails to allege that he was aware that an order of protection was in effect when he had physical contact with the victim. We reject that contention. An SCI "is subject to the same rules as an indictment (CPL 200.15), and an indictment that states no more than the bare elements of the crime charged and, in effect, parrots the Penal Law is legally sufficient; the defendant may discover the particulars of the crime charged by requesting a bill of particulars" (*People v Price*, 234 AD2d 978, 978, *lv denied* 90 NY2d 862; *see People v Iannone*, 45 NY2d 589, 598-599; *see generally People v Fitzgerald*, 45 NY2d 574, 580, *rearg denied* 46 NY2d 837). Although the SCI in this case does not explicitly allege that defendant had knowledge of the order of protection when he violated it by having physical contact with the victim, the accusatory instrument is nevertheless jurisdictionally sufficient inasmuch as it alleges, in conformance with Penal Law § 215.50 (3), that defendant "intentionally disobeyed a mandate of a court; that is, the defendant intentionally disobeyed an Order of Protection." In any event, we note our agreement with the People that the SCI sufficiently alleges defendant's alleged knowledge of the order of protection because he could not have intentionally violated

the order of protection unless he knew of its existence.