# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

573

KA 11-00288

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

THEODORE R. JENKINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered January 10, 2011.  The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Erie County Court for further proceedings on the superior court information.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]).  At the time of the plea, County Court advised defendant that it could sentence him to a term of incarceration of up to four years or to probation, but it did not indicate to defendant that it was required to impose either a fine, or a term of incarceration, or both.  At sentencing, the court imposed a sentence of probation and a fine on each count.  We conclude that the court's failure to advise defendant of a direct consequence of his conviction requires vacatur of the plea.

Although "a trial court has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions, the court must advise a defendant of the direct consequences of the plea" (*People v Catu*, 4 NY3d 242, 244).  The Court of Appeals stated that "[d]irect consequences . . . are those that have 'a definite, immediate and largely automatic effect on defendant's punishment' . . . The direct consequences of a plea—those whose omission from a plea colloquy makes

the plea per se invalid—are essentially the core components of a defendant's sentence[, including] a fine" (*People v Harnett*, 16 NY3d 200, 205, quoting *People v Ford*, 86 NY2d 397, 403).  Thus, inasmuch as the court failed to advise defendant that he must either be fined, or incarcerated or both, we conclude that the plea was not knowingly, voluntarily and intelligently entered.  We therefore reverse the judgment and vacate the plea, and we remit the matter to County Court for further proceedings on the superior court information (*see People v Jordan*, 67 AD3d 1406, 1408; *People v Walker*, 66 AD3d 1460).

Entered:  April 20, 2012                       Frances E. Cafarell
                                               Clerk of the Court