# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**25**

**KA 09-01157**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KERRY A. COLEMAN, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered April 6, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the superior court information.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that his guilty plea was not knowingly, voluntarily and intelligently entered. Although that contention is not preserved for our review, we conclude that defendant's statements during the plea colloquy "cast significant doubt upon his guilt with respect to the crime of [criminal contempt in the first degree as charged in the superior court information (SCI)], and thus this case falls within the exception to the preservation requirement" (*People v Jones*, 64 AD3d 1158, 1159, *lv denied* 13 NY3d 860; *see People v Lopez*, 71 NY2d 662, 666). An essential element of the crime of criminal contempt in the first degree pursuant to Penal Law § 215.51 (c) is that the defendant has violated an order of protection issued pursuant to "sections two hundred forty and two hundred fifty-two of the domestic relations law [regarding orders of protection issued during child custody and divorce proceedings], articles four, five, six and eight of the family court act [regarding child custody, paternity, parental rights and family offenses, respectively, or] section 530.12 of the criminal procedure law [regarding victims of family offenses]." Another essential element of the crime is that defendant has "been previously convicted of the crime of . . . [, inter alia,] criminal contempt in the . . . second degree for violating an order of protection as

described herein within the preceding five years" (Penal Law § 215.51 [c]). Here, during an attempt to plead guilty, defendant indicated that he had been previously convicted of the crime of criminal contempt in the second degree and that he had an appeal pending with respect to that conviction. He further indicated that such conviction resulted from his actions at a school board meeting and that the order of protection that he was alleged to have violated in this offense was issued during that prior criminal contempt proceeding. County Court stated that it could not accept defendant's plea because defendant was challenging the predicate conviction. At a subsequent proceeding, defendant agreed with the prosecutor's statement that defendant was no longer challenging the predicate conviction, and the court accepted his guilty plea. Although the court, before accepting defendant's plea, questioned him regarding his previous challenge to the predicate conviction, it did not question him concerning the basis for the issuance of the instant order of protection violated by defendant or concerning the basis of defendant's predicate conviction. We conclude that defendant's factual recitation negated essential elements of the crime to which he pleaded guilty inasmuch as his colloquy indicated that the order of protection was not issued pursuant to the statutory sections set forth in Penal Law § 215.51 (c), and that the predicate conviction was not based upon a violation of such an order of protection. Thus, the court had a "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666). Consequently, as the People correctly concede, "[a]lthough [the court] made some further inquiries of defendant, none of them [was] even remotely sufficient to determine that the plea was entered intelligently and with knowledge of the nature of the charge" (*People v Roy*, 77 AD3d 1310, 1311 [internal quotation marks omitted]). We therefore reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the SCI (*see People v Jenkins*, 94 AD3d 1474, 1475; *see also Roy*, 77 AD3d at 1310).

Defendant further contends that the SCI is jurisdictionally defective because it fails to allege that he violated that part of the order of protection directing him to stay away from the person on whose behalf the order was issued. "Because defendant's contention is related to the sufficiency of the factual allegations, as opposed to a failure to allege the material elements of the crime, that contention does not survive defendant's guilty plea" (*People v Price*, 234 AD2d 978, 978-979, *lv denied* 90 NY2d 862). Inasmuch as we are vacating the plea, however, we address defendant's contention, and we conclude that it lacks merit. The SCI is jurisdictionally sufficient because it alleges that defendant committed the crime of criminal contempt in the first degree and tracks the language of the relevant section of the Penal Law (*see id.*). Thus, if defendant seeks greater specificity, his remedy is to demand a bill of particulars (*see People v Starkweather*, 83 AD3d 1466, 1466).

In light of our determination, we do not address defendant's

remaining contentions.

Entered: March 15, 2013                  Frances E. Cafarell
Clerk of the Court