■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MOREHOUSE, Appellant. [972 NYS2d 729]—

Garry, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 28, 2011, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

Defendant pleaded guilty to forgery in the second degree in full satisfaction of an eight-count indictment and waived his right to appeal. He was thereafter sentenced to a prison term of 2 to 4 years. Defendant appeals.

Although defendant waived his right to appeal and did not preserve his challenge to the voluntariness of his plea by moving to withdraw his plea or vacate the judgment of conviction, the narrow exception to the preservation rule is triggered because he made a statement during the allocution that cast doubt upon his guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *compare People v Johnson*, 54 AD3d 1133, 1133 [2008]). During the allocution, defendant admitted to purchasing several items at various stores using a credit card that did not belong to him. When asked whether he had signed the credit card receipts using the name of the person to whom the card had been issued, defendant informed County Court that he did not know whose name was on the card and that he had signed the receipts in his own name.

"A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he [or she] falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed: [a] . . . credit card . . . or other [such] instrument" (Penal Law § 170.10 [1]). "A person 'falsely makes' a written instrument when he [or she] makes or draws a complete written instrument . . . which purports to be an authentic creation of its ostensible maker or drawer, but which is not such

. . . because the ostensible maker or drawer . . . did not authorize the making or drawing thereof" (Penal Law § 170.00 [4]; *see People v Cunningham*, 2 NY3d 593, 596-597 [2004]). However, there is no forgery when the ostensible maker and the actual maker are the same person (*see People v Cunningham*, 2 NY3d at 597). Here, defendant's signing of his own name to the credit card receipts would render him both the actual and ostensible maker of the instrument, and the making of the instrument would not constitute a forgery (*see id.*; *People v Levitan*, 49 NY2d 87, 90 [1980]). Accordingly, defendant's statement that he signed his own name to the receipts implicated the voluntariness of his guilty plea to forgery in the second degree, requiring further inquiry from County Court. As the court failed to conduct such an inquiry, defendant's plea must be vacated and the matter remitted to County Court.

Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.