[12 NE3d 1109, 989 NYS2d 680]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARMELLE JOHNSON, Appellant.

Argued May 1, 2014; decided June 5, 2014

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Lauren Stephens-Davidowitz* and *Sara Gurwitch* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Andrew E. Seewald* and *Susan Axelrod* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's motion to vacate his plea granted, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.

Defendant was indicted on two counts of rape in the first degree and one of criminal possession of stolen property in the fifth degree. The victim did not have a recollection of the alleged rape, or of any interaction with defendant. She remembered drinking in a bar; her next recollection was of going home in a disheveled condition, without her cell phone and some other property. After arriving home, she found indications that she had been sexually assaulted. Her cell phone was traced to defendant, and semen from a rape kit matched defendant's DNA.

The rape charges against defendant were based on the theories that he had used forcible compulsion (Penal Law § 130.35 [1]) and that his victim was incapable of consent by reason of being physically helpless (Penal Law § 130.35 [2]). On either theory, the crime was a class B felony.

After extensive plea bargaining, defendant pleaded guilty to a class D felony, rape in the second degree as defined in Penal Law § 130.30 (2), committed when a person "engages in sexual intercourse with another person who is incapable of consent by reason of being . . . mentally incapacitated." "Mentally incapacitated," as defined by Penal Law § 130.00 (6), "means that a

person is rendered temporarily incapable of appraising or controlling his conduct owing to the influence of a narcotic or intoxicating substance administered to him without his consent, or to any other act committed upon him without his consent." The statute was apparently aimed primarily at rapists who use "date-rape" drugs. There is no indication in the record that this victim was incapacitated by anything other than voluntary intoxication.

Thus, it is highly unlikely that defendant actually committed the crime to which he pleaded guilty. That in itself would not make his plea invalid. Where a defendant enters a negotiated plea to a lesser crime than one with which he is charged, no factual basis for the plea is required (*People v Clairborne*, 29 NY2d 950, 951 [1972]; *see also People v Moore*, 71 NY2d 1002, 1006 [1988]). Indeed, under such circumstances defendants can even plead guilty to crimes that do not exist (*People v Foster*, 19 NY2d 150, 153 [1967] [plea to attempt to commit a crime of which intent is not an element]).

It seems, however, that at the time of defendant's plea counsel and the court were unaware of the rule of *Clairborne*, and thought it necessary to find a basis in fact for the plea. The court led defendant through an allocution in which he admitted that he encountered the victim when she was "too drunk to really make a decision about whether she did or did not want to have sex"; that he knew that "she was mentally incapacitated apparently from drinking"; and that he "went ahead and had sexual intercourse with her anyway." The allocution provided no support for the idea that the victim was mentally incapacitated as the Penal Law defines that term.

Before being sentenced, defendant moved to withdraw his plea, asserting among other things that he "was not fully aware of the circumstances involved" and "is not guilty of the offense(s) to which he plead [sic]." That is essentially the argument that defendant makes here, and we reject the People's suggestion that his claim is unpreserved. Supreme Court denied the motion and sentenced defendant on his conviction. The Appellate Division affirmed the conviction and sentence (*People v Johnson*, 99 AD3d 591 [1st Dept 2012]).

We conclude that we must reverse and vacate the plea. Although the entire allocution was unnecessary, and although even if it were necessary we would not require that it prove every element of the crime charged (*People v Goldstein*, 12 NY3d 295, 301 [2009]), we simply cannot countenance a conviction

that seems to be based on complete confusion by all concerned (*see People v Worden*, 22 NY3d 982, 985 [2013] [allocution "emblematic of a general misconception"]). Apparently the court and counsel believed, mistakenly, that it was necessary to put on the record facts showing that the victim was mentally incapacitated; and they apparently also believed, equally mistakenly, that they had done so. It is impossible to have confidence, on a record like this, that defendant had a clear understanding of what he was doing when he entered his plea.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order reversed, defendant's motion to vacate plea granted, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.