# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

587

KA 12-01232

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARCUS A. NORMAN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered March 19, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal trespass in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal trespass in the first degree (Penal Law § 140.17 [2]), defendant contends that the plea allocution was factually insufficient because he did not admit a necessary element of the crime, i.e., possession of a firearm, rifle or shotgun. Defendant failed to preserve that contention for our review (*see People v Lopez*, 71 NY2d 662, 665), and we conclude in any event that defendant's challenge to the factual sufficiency of the plea allocution lacks merit. "Where[, as here], a defendant enters a negotiated plea to a lesser crime than one with which he is charged, no factual basis for the plea is required" (*People v Johnson*, 23 NY3d 973, 975). Further, the court's duty to make further inquiry was not triggered by defendant's failure "to recite every element of the crime pleaded to" (*Lopez*, 71 NY2d at 666 n 2; *see People v Evans*, 269 AD2d 797, 798, *lv denied* 95 NY2d 834).

We reject defendant's contention that County Court improperly refused to treat his motions pursuant to CPL article 440 as motions to withdraw the guilty plea. To the extent that defendant sought that relief after the imposition of sentence, his motions were untimely (*see* CPL 220.60 [3]; *People v Seader*, 278 AD2d 26, 26-27, *lv denied* 96 NY2d 806; *People v Ince*, 273 AD2d 101, 101, *lv denied* 95 NY2d 935). Defendant's CPL article 440 motions, moreover, are not properly before us on his direct appeal from the judgment of conviction (*see Seader*, 278 AD2d at 27).

Contrary to defendant's further contention, we conclude that he was afforded meaningful representation inasmuch as he " 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Parson*, 122 AD3d 1441, 1443, quoting *People v Ford*, 86 NY2d 397, 404).  To the extent that defendant's contention is based upon matters outside the record, those matters should be addressed by a motion pursuant to CPL 440.10 (*see People v Volfson*, 69 AD3d 1123, 1125).

Finally, the sentence is not unduly harsh or severe.

Frances E. Cafarell

Entered:  May 1, 2015

Clerk of the Court