THIRD DEPARTMENT, JUNE, 2015

(June 4, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES A. McMILLAN, Appellant. [12 NYS3d 310]—

Egan Jr., J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered January 15, 2013, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree.

Defendant waived indictment and, pursuant to a negotiated plea agreement that also satisfied other related charges, pleaded guilty to a superior court information charging him with strangulation in the second degree and waived his right to appeal. Defendant thereafter was sentenced, as an admitted second felony offender, to the agreed-upon prison term of four years followed by five years of postrelease supervision, and a no-contact order of protection was issued in favor of the victim. This appeal ensued.

Although defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal (*see People v Moses,* 110 AD3d 1118, 1118 [2013]), it is unpreserved for our review in the absence of an appropriate postallocution motion (*see People v Guyette,* 121 AD3d 1430, 1431 [2014]). Upon reviewing the record, however, we are persuaded that the narrow exception to the preservation requirement has been triggered here, as defendant made numerous statements during the course of the plea colloquy that negated essential ele-

ments of the crime, thereby calling into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Carroll*, 61 AD3d 1273, 1273-1274 [2009]; *People v Pagan*, 36 AD3d 1163, 1164 [2007]). Specifically, although defendant readily admitted that he put his hands around the victim's throat and attempted to strangle her, defendant repeatedly denied and/or disputed that his actions caused the victim to experience a loss of consciousness for any period of time or that she otherwise suffered any physical injury or impairment as required by Penal Law § 121.12. Indeed, even after County Court explained the relatively low evidentiary threshold required, i.e., that a loss of consciousness "for a second or even parts of a second" or "any kind of bruising" would suffice under the relevant statutes (*see* Penal Law §§ 10.00 [9]; 121.12), defendant continued to deny that any such obstruction, impairment or injury occurred.

Defendant's statements during his allocution also cast doubt upon the intent element of the crime. Following the foregoing colloquy with County Court regarding the physical impact of defendant's actions upon the victim, the People tellingly sought to expand upon defendant's allocution and expressly inquired as to whether defendant intended to impede the victim's breathing or the circulation of her blood as required by Penal Law § 121.11. In response, defendant twice stated, "[T]hat was not my intention." When the People further inquired as to whether defendant nonetheless may have formed such intent as the altercation with the victim escalated, defendant again stated "that [it] was not [his] intention to impede [the victim's] breathing" and reiterated that he did not "consciously mak[e] a decision to choke her" (*compare People v Howard*, 119 AD3d 1090, 1090 [2014], *lv denied* 24 NY3d 961 [2014]).

Simply put, defendant's responses to the questions posed during the plea colloquy negated more than one element of the charged crime, thereby casting doubt upon his guilt. Inasmuch as further inquiry by County Court neither resolved that doubt nor otherwise established that the resulting plea was knowing, intelligent and voluntary (*see People v Coleman*, 104 AD3d 1134, 1135 [2013]; *People v Roy*, 77 AD3d 1310, 1310-1311 [2010]; *compare People v Johnson*, 125 AD3d 1052, 1052-1053 [2015]; *People v English*, 100 AD3d 1147, 1148 [2012]), it should not have been accepted by the court and must now be vacated (*see People v Mox*, 20 NY3d 936, 938-939 [2012]). In light of this conclusion, we need not address defendant's remaining contentions, including those raised in his pro se brief.

McCarthy, J.P., Devine and Clark, JJ., concur. Ordered that

the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.