Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 9, 2015                    106805
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                  MEMORANDUM AND ORDER

IZMEHEL MARRERO,
                        Appellant.
_____

Calendar Date:  June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                        _____

        Eric K. Schillinger, East Greenbush, for appellant.

        Joel E. Abelove, District Attorney, Troy (Vincent J.
O'Neill of counsel), for respondent.

                        _____

Peters, P.J.

        Appeal from a judgment of the County Court of Rensselaer
County (Ceresia, J.), rendered February 21, 2013, convicting
defendant upon his plea of guilty of the crime of sexual abuse in
the first degree.

        In satisfaction of a three-count indictment, defendant
pleaded guilty to the reduced charge of sexual abuse in the first
degree and waived his right to appeal.  He was thereafter
sentenced as a second felony offender to the agreed-upon prison
term of five years followed by 10 years of postrelease
supervision.  Defendant appeals, arguing that his plea was not
knowingly, voluntarily and intelligently entered.

        Although defendant waived his right to appeal and did not

preserve his challenge to the voluntariness of his plea by making an appropriate postallocution motion, the narrow exception to the preservation rule was triggered here inasmuch as the allocution casts significant doubt upon his guilt (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Morehouse, 109 AD3d 1022, 1022 [2013]; People v Pagan, 36 AD3d 1163, 1164 [2007]).  As relevant here, a person is guilty of sexual abuse in the first degree when he or she subjects another to sexual contact by forcible compulsion (see Penal Law § 130.65 [1]).

During the plea colloquy, County Court required that defendant provide a recitation of the underlying facts so that the court could assure itself that defendant's conduct satisfied the elements of the crime to which he was pleading.  In response to the court's questioning, defendant admitted that he had subjected the victim to sexual contact by "grabb[ing] her breasts."[1]  County Court then inquired of defendant, "did you do that by forcible compulsion, in other words, without her consent or without her authority?"  Forcible compulsion, however, is defined as compelling another "by either [] use of physical force; or [] a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person" (Penal Law § 130.00 [8]).  Defendant answered in the affirmative, and County Court accepted his guilty plea without conducting any further inquiry into the facts or readdressing the element of forcible compulsion.

By equating forcible compulsion with lack of consent, County Court misdefined an essential element of the crime to which defendant was pleading.  While defendant was not required to recite facts establishing every element of the crime (see People v Goldstein, 12 NY3d 295, 301 [2009]), we cannot countenance a conviction that rests upon a misconception of the key element of forcible compulsion (see People v Johnson, 23 NY3d 973, 975-976 [2014]; People v Worden, 22 NY3d 982, 985 [2013];

---

[1]  Evidence that defendant grabbed the victim's breasts, without more, is insufficient to establish the element of forcible compulsion (see People v Fuller, 50 AD3d 1171, 1174-1175 [2008], lv denied 11 NY3d 788 [2008]).

see also People v Williams, 123 AD3d 240, 243-244 [2014]). Because the record fails to establish that defendant understood the nature of the charge or that his guilty plea was knowingly and intelligently entered, his plea must be vacated and the matter remitted to County Court (see People v Johnson, 23 NY3d at 976; People v Lopez, 71 NY2d at 666; People v Castetter, 64 AD3d 1007, 1008-1009 [2009]; People v Ramirez, 42 AD3d 671, 673 [2007]; People v Pagan, 36 AD3d at 1164-1165; People v Makas, 273 AD2d 510, 511-512 [2000]).

McCarthy, Egan Jr. and Rose, JJ., concur.


ORDERED that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court