# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**604**

**KA 15-01732**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CORDERO R. GIBSON, DEFENDANT-APPELLANT.

---

DOMINIC SARACENO, BUFFALO, FOR DEFENDANT-APPELLANT.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered October 31, 2012. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). The conviction arises from an attempted robbery committed by defendant and a codefendant, during which the codefendant shot and killed a man. Defendant was charged with, inter alia, felony murder (§ 125.25 [3]), and he pleaded guilty to manslaughter in the first degree as a lesser included offense under the felony murder count. The factual allocution at the plea proceeding, however, established the elements of felony murder rather than those of manslaughter.

Initially, we conclude that defendant made a knowing, voluntary, and intelligent waiver of his right to appeal (*see People v Adams*, 94 AD3d 1428, 1428-1429, *lv denied* 19 NY3d 970; *see generally People v Sanders*, 25 NY3d 337, 340-342), and that the waiver encompasses his challenge to the severity of his sentence (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Bailey*, 137 AD3d 1620, 1621; *cf. People v Maracle*, 19 NY3d 925, 927-928).

Defendant further contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered. To the extent that defendant's contention survives his waiver of the right to appeal (*see People v Bishop*, 115 AD3d 1243, 1244, *lv denied* 23 NY3d 1018, *reconsideration denied* 24 NY3d 1082), we conclude that it is not preserved for our review inasmuch as his motion to withdraw his plea

was made on grounds different from those advanced on appeal (*see People v Green*, 132 AD3d 1268, 1268-1269; *cf. People v Johnson*, 23 NY3d 973, 975).

We further conclude that this case does not fall within the "narrow exception" to the preservation rule (*People v Lopez*, 71 NY2d 662, 666). Although the plea allocution did not establish every element of manslaughter in the first degree, it neither negated an essential element of that crime nor otherwise cast doubt on the voluntariness of the plea (*see People v Brown*, 115 AD3d 1204, 1205-1206, *lv denied* 23 NY3d 1060; *People v Royal*, 306 AD2d 886, 887, *lv denied* 100 NY2d 624), and no factual basis for a guilty plea is necessary where, as here, the defendant enters a negotiated plea to a lesser offense than that charged in the indictment (*see Johnson*, 23 NY3d at 975; *People v Norman*, 128 AD3d 1418, 1419, *lv denied* 27 NY3d 1003). We note that a guilty plea to manslaughter in the first degree is permissible in satisfaction of a felony murder charge involving the same victim even though the former crime is not technically a lesser included offense of the latter (*see People v Adams*, 57 NY2d 1035, 1037-1038; *People v Lebron*, 238 AD2d 150, 150, *lv denied* 90 NY2d 895, *cert denied* 522 US 1032; *see generally* CPL 220.20; *People v Johnson*, 89 NY2d 905, 907-908), and we reject defendant's contention that the discrepancy between his plea to manslaughter and his allocution to felony murder, standing alone, is sufficient to undermine the validity of the plea (*see People v Foster*, 19 NY2d 150, 152-154; *People v Torres*, 125 AD2d 252, 253, *lv denied* 69 NY2d 834; *cf. Johnson*, 23 NY3d at 975-976; *People v Worden*, 22 NY3d 982, 985-986). Contrary to defendant's further contention, we conclude that the court was not obligated to conduct any inquiry of him concerning the statutory affirmative defense to felony murder (*see generally* Penal Law § 125.25 [3]) because nothing in the plea colloquy raised the possibility that the affirmative defense was applicable in this case (*see People v Heyward*, 111 AD2d 420, 420-421; *see generally People v Hill*, 128 AD3d 1479, 1480, *lv denied* 26 NY3d 930; *People v Masterson*, 57 AD3d 1443, 1443).

Entered: June 17, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court