■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD DERMER, Appellant. [32 NYS3d 503]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 12, 2012, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

Defendant did not preserve his challenge to his plea allocution, which does not come within the narrow exception to the preservation requirement (*see People v Peque*, 22 NY3d 168, 182 [2013]; *see also People v Toxey*, 86 NY2d 725 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we find that the plea was knowing, intelligent and voluntary. There was nothing in the allocution that cast doubt on the voluntariness of the plea. The record does not support defendant's assertion that the plea was the product of "confusion" (*see People v Johnson*, 23 NY3d 973, 976 [2014]) about the definition of the crime to which defendant pleaded guilty. On the contrary, in a dismissal motion, counsel claimed that the burglarized commercial premises did not qualify as a dwelling because there was a question of its accessibility to the residential part of the building (*see People v McCray*, 23 NY3d 621 [2014]). After reviewing the grand jury minutes, the court rejected that claim, and defendant chose to plead guilty, thereby forfeiting any review of that issue (*see People v Taylor*, 65 NY2d 1 [1985]; *People v Mendez*, 25 AD3d 346 [1st Dept 2006]).

Defendant made a valid waiver of his right to appeal (*see People v Sanders*, 25 NY3d 337, 341 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.