The People of the State of New York, Respondent, 
against
Sherman Peterson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeanette Rodriguez-Morick, J. at plea; Julio Rodriguez III, J. at sentencing), rendered September 8, 2015, convicting him, upon his plea of guilty, of one count of attempted assault in the third degree and attempted animal cruelty, and imposing sentence.




Per Curiam.
Judgment of conviction (Jeanette Rodriguez-Morick, J. at plea; Julio Rodriguez III, J. at sentencing), rendered September 8, 2015, affirmed.
Defendant's contention that his plea of guilty was not knowing, voluntary and intelligent is unpreserved for appellate review, since he did not make a postallocution motion to either withdraw his plea or to set aside the judgment of conviction pursuant to CPL 440.10 (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Jackson, 123 AD3d 634 [2014], lv denied 25 NY3d 1202 [2015]), and we decline to review it in the interest of justice. Unlike the situation in People v Tyrell, 22 NY3d 359 [2013], defendant had the opportunity to move to withdraw his plea or otherwise raise the issue, and the alleged deficiency did not rise to the level of a mode of proceedings error (see People v Powell, 134 AD3d 647 [2015], lv denied 27 NY3d 1073 [2016]).
As an alternative holding, we find that the plea was knowing, intelligent and voluntary. There was nothing in the allocution that cast doubt on the voluntariness of the plea. The allocution shows that the defendant understood the charges, made an intelligent decision to enter a plea, and admitted that he attempted to cause physical injury to the complainant and attempted to beat a canine (see People v Goldstein, 12 NY3d 295, 301 [2009]). The record does not support defendant's assertion that the plea was the product of "confusion" (see People v Dermer, 140 AD3d 551, 552 [2016]; cf. People v Johnson, 23 NY3d 973, 976 [2014]). Defendant's uncertainty about his future ability to get a dog, a collateral consequence of the plea, did not undermine the validity of the plea (see generally People v Gravino, 14 NY3d 546, 553-555 [2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 19, 2016