People v Busch-Scardino (2018 NY Slip Op 01218)





People v Busch-scardino


2018 NY Slip Op 01218


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

107909

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NANCY BUSCH-SCARDINO, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered June 15, 2015, convicting defendant upon her plea of guilty of the crime of criminal contempt in the first degree.
In satisfaction of a superior court information charging her with several offenses, defendant pleaded guilty to criminal contempt in the first degree and executed a waiver of appeal. Thereafter, consistent with the terms of the plea agreement, County Court sentenced her, as a second felony offender, to 1½ to 3 years in prison. Defendant appeals.
Initially, defendant's claim that her plea was not knowing, intelligent and voluntary survives her unchallenged appeal waiver
but is unpreserved for our review as the record does not reflect that she made an appropriate postallocution motion (see People v Rayburn, 150 AD3d 1553, 1554 [2017]; People v Bonds, 148 AD3d 1304, 1305 [2017], lvs denied 29 NY3d 1076, 1081 [2017]). However, we agree with defendant that the narrow exception to the preservation rule applies. "[W]here a pleading defendant's recitation of the facts of his or her offense clearly casts doubt on his or her guilt and the court makes no further inquiry, the defendant does not have to preserve a claim of fatal error in the allocution because . . . 'the court's attention should have been instantly drawn to the problem, and the salutary purpose of the preservation rule is arguably not jeopardized'" (People v Williams, 27 NY3d 212, 220 [2016], quoting People v Lopez, 71 NY2d 662, 666 [1988]). Here, defendant stated during her plea allocution that she did not intend to violate the underlying order [*2]of protection, thus negating an element of criminal contempt in the first degree (see Penal Law § 215.51 [c]; People v Heiserman, 127 AD3d 1422, 1423 [2015]). Although County Court promptly responded and afforded defendant an opportunity to again consult with her counsel, further discussion was then held off the record. Thus, we are unable to ascertain from the record whether the court conducted the requisite further inquiry to ensure that defendant understood the elements of the crime to which she was pleading guilty and that the plea was knowing, voluntary and intelligent (see People v McMillan, 129 AD3d 1113, 1114 [2015]; People v Morehouse, 109 AD3d 1022, 1023 [2013]; People v Coleman, 104 AD3d 1134, 1135 [2013]). Accordingly, as the doubt cast on defendant's plea was not removed, her plea must be vacated and the matter remitted to County Court (see People v Marrero, 130 AD3d 1148, 1149 [2015]; People v Morehouse, 109 AD3d at 1023; People v Roy, 77 AD3d 1310, 1310-1311 [2012]; People v Ocasio, 265 AD2d 675, 677-678 [1999]).
McCarthy, Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.