The People of the State of New York, Respondent,
against
Avatar Prynce, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered March 7, 2016, convicting him, upon a plea of guilty, of criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered March 7, 2016, affirmed.
Our review of the record indicates that defendant's guilty plea to the charge of second-degree criminal contempt (see Penal Law § 215.50[3]) was entered knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). The record does not support defendant's assertion that the plea was the product of "confusion" (People v Johnson, 23 NY3d 973, 976 [2014]; see People v Dermer, 140 AD3d 551, 552 [2016], lv denied 28 NY3d 1144 [2017]). On the contrary, after defendant initially refused to admit that he threatened complainant over the telephone, Criminal Court directed a second call to afford defendant a further opportunity to consult with counsel and, during the continuation of the plea allocution later that day, defendant admitted to deliberately violating the order of protection by telephoning the complainant. 
In any event, the only relief that defendant requests is dismissal of the information, and he expressly requests that this Court affirm his conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see People v Conceicao 26 NY3d at 385 n 1; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2018