The People of the State of New York, Respondent,
against
Gilberto Beach, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laura A. Ward, J.), rendered April 2, 2016, convicting him, upon a plea of guilty, of unlawful possession of marijuana, and imposing sentence.




Per Curiam.
Judgment of conviction (Laura A. Ward, J.), rendered April 2, 2016, reversed, on the law, accusatory instrument dismissed, and fine, if paid, remitted.
The record fails to support the conclusion that defendant's guilty plea to unlawful possession of marijuana was knowing, intelligent and voluntary. Although a factual allocution was unnecessary, we "cannot countenance a conviction that seems to be based on complete confusion by all concerned" (see People v Johnson, 23 NY3d 973, 975-976 [2014]). When addressing defendant, the court mistakenly referenced the second charged offense - unlawful interference with passenger movement within the transit system (21 NYCRR 1050.6[c][2]) - and then mistakenly conducted a factual allocution to that charge by asking defendant if he was "standing between the train doors as they were attempting to depart, preventing the [subway] doors from closing." No further inquiry was made to ensure that defendant understood that he was pleading guilty to unlawful possession of marijuana (see People v Banks, 137 AD3d 1458 [2016]; People v Marrero, 130 AD3d 1148 [2015]). Since "[i]t is impossible to have confidence, on a record like this, that defendant had a clear understanding of what he was doing when he entered his plea" (see People v Johnson, 23 NY3d at 975-976), we must reverse and vacate the plea. 
Given the relatively minor nature of the infraction here charged, we dismiss the accusatory instrument in lieu of remanding the matter (see People v Burwell, 53 NY2d 849, 851 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2018