The People of the State of New York, Respondent, 
against
Karl Dozier, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lyle E. Frank, J.), rendered December 1, 2017, convicting him, upon his plea of guilty, of criminal facilitation in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered December 1, 2017, affirmed. 
The record establishes that defendant's guilty plea was knowing, intelligent and voluntary. In full satisfaction of an accusatory instrument charging him with criminal sale of a controlled substance in the third degree (see Penal Law § 220.39), a class B felony, the defendant pleaded guilty to criminal facilitation in the fourth degree (see Penal Law § 115.00[1]), a class A misdemeanor. At the plea proceeding, defendant confirmed that he was pleading guilty freely and voluntarily, that he was, in fact, guilty, that he had the opportunity to discuss the plea with his attorney, and that he understood he was giving up the rights to a trial, to remain silent and to confront witnesses (see Boykin v Alabama, 395 US 238 [1969]; People v Conceicao, 26 NY3d 375, 383 [2015]). Nothing in the record suggests that defendant's ability to make a voluntary decision to plead guilty was impaired in any way by his use (or possible use) of any "substances," and the court was able to view his demeanor and assess his capacity to plead guilty (see People v Alexander, 97 NY2d 482, 486 [2002]). Furthermore, as defendant pleaded guilty to an uncharged lesser offense, no factual basis for the plea was necessary (see People v Johnson, 23 NY3d 973, 975 [2014]).
In any event, the only relief defendant requests is the dismissal of the accusatory instrument, and he expressly requests that this court affirm his conviction if it does not grant dismissal. As dismissal is not warranted, we affirm on this basis as well (see People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 17, 2019