The People of the State of New York, Respondent,
against
Jonathan Utsler Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James G. Clynes, J.), rendered January 16, 2018, convicting him, upon his plea of guilty, of disorderly conduct and imposing sentence.




Per Curiam.
Judgment of conviction (James G. Clynes, J.), rendered January 16, 2018, affirmed. 
The record establishes that defendant's plea was knowing, intelligent and voluntary. In full satisfaction of an accusatory instrument charging him with criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), a class A misdemeanor, defendant pleaded guilty to disorderly conduct (see Penal Law § 240.20), a violation, in exchange for a sentence of two days community service. Defendant confirmed that he was pleading guilty freely and voluntarily, that he was, in fact, guilty, that he had the opportunity to discuss the plea with his attorney, and that he understood he was giving up the rights to a trial, to remain silent and to confront witnesses (see People v Conceicao, 26 NY3d 375, 383 [2015]). Nothing in the record suggests that defendant's ability to make a voluntary decision to plead guilty was impaired in any way by his use (or possible use) of any "substances," and the court was able to view his demeanor and assess his capacity to plead guilty (see People v Alexander, 97 NY2d 482, 486 [2002]). Furthermore, as defendant pleaded guilty to an uncharged lesser offense, no factual basis for the plea was necessary (see People v Johnson, 23 NY3d 973, 975 [2014]).
Defendant's claim that he was not specifically advised before or during the plea allocution that his sentence would include a conditional discharge is unavailing. Although the court did not specifically articulate the words "conditional discharge," defendant was advised and agreed to the two days of community service, the sole condition imposed, without raising any objection (see People v Murray, 15 NY3d 725, 726-727 [2010]), and he does not allege that the sentence is otherwise illegal or unauthorized. Similarly unavailing is defendant's claim that the plea was invalid because he was not informed of the length of the conditional discharge (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]). In any event, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests that this court affirm his conviction if it does not grant dismissal. Since dismissal is not warranted, we affirm on this basis as well (see People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2019