The People of the State of New York, Respondent,
against
Theodore Ravenell, Appellant. 




Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Michael K. Degree of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Douglas J. Lerose, J.), rendered December 6, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted petit larceny, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On January 8, 2016, the People charged defendant, in an information, with petit larceny (Penal Law § 155.25) based on a store security guard's complaint that, on that date, at about 2:00 p.m., in a Home Depot store located at 600 Hempstead Turnpike in Elmont, New York, defendant had placed a Ryobi circular saw valued at $69 in a shopping cart and had pushed the cart "past all points of purchase" before being stopped by the security guard. On July 6, 2016, defendant pleaded guilty to the offense pursuant to a negotiated plea and sentencing agreement that included the dismissal of several charges pending under a different docket. On December 6, 2016, pursuant to further plea and sentencing negotiations, the District Court vacated defendant's plea and permitted defendant to plead guilty to attempted petit larceny (Penal Law §§ 110.00, 155.25). In the course of the plea colloquy, defendant admitted that he had committed attempted [*2]petit larceny on the date, time, and location alleged in the accusatory instrument, but without admitting any facts supporting the elements of that offense. Defendant was sentenced to a year's probation as promised.
Contrary to defendant's contention, no factual allocution was necessary under the circumstances presented. "Where a defendant enters a negotiated plea to a lesser crime than one with which he [or she] is charged, no factual basis for the plea is required. Indeed, under such circumstances defendants can even plead guilty to crimes that do not exist" (People v Johnson, 23 NY3d 973, 975 [2014] [citations omitted]; see People v Pickett, 128 AD3d 1275, 1276 [2015]). There is no claim on the appeal that anything occurred at the plea and sentencing proceedings that otherwise implicated the validity of the plea, and absent any such infirmity, the omission of a factual allocution is of no consequence (see People v McKinney, 162 AD3d 1073, 1073 [2018]; People v Elting, 151 AD3d 739, 740 [2017]; People v McKenzie, 98 AD3d 749, 750 [2012]; People v Ialacci, 59 Misc 3d 141[A], 2018 NY Slip Op 50634[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 08, 2019