People v Cepeda (2021 NY Slip Op 03561)





People v Cepeda


2021 NY Slip Op 03561


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Ind Nos. 3550/18, 3458/18 Appeal No. 14012 Case No. 2019-02979 

[*1]The People of the State of New York, Respondent,
v
Romulo Cepeda, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ivan Pantoja of counsel), for
appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgments, Supreme Court, New York County (Diane Kiesel, J.), rendered May 7, 2019, convicting defendant, upon his pleas of guilty, of criminal possession of stolen property in the fourth degree and attempted burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 3½ years, unanimously affirmed.
Defendant's challenges to his plea do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review these unpreserved claims in the interest of justice. Defendant had ample opportunity, with the assistance of counsel, to alert the court to any defects in the plea colloquy, or to move to withdraw the plea. As an alternative holding, we find that the record as a whole, including defendant's acknowledged consultations with counsel, establishes that the plea was knowingly, intelligently and voluntarily made, notwithstanding that the court's enumeration of defendant's rights under Boykin v Alabama (395 US 238 [1969]) was incomplete (see People v Sougou, 26 NY3d 1052 [2015]). The factual allocution regarding the attempted burglary charge was not so deficient as to warrant vacatur of that plea, given that this was a negotiated plea to a lesser offense (see People v Johnson, 23 NY3d 973, 975 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021