■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY MENDEZ, Appellant. [805 NYS2d 838]—Judgment, Supreme Court, New York County (Micki A. Scherer, J.), rendered April 30, 2003, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

Defendant raises various issues relating to the rule that burglary of a store located in an apartment building constitutes burglary of a "dwelling" (*see* Penal Law § 140.00 [2], [3]; § 140.25; *People v Rohena*, 186 AD2d 509 [1992], *lv denied* 81 NY2d 794 [1993]). Defendant made a valid waiver of his right to appeal, which forecloses review of his present claims, including his constitutional arguments (*see People v Muniz*, 91 NY2d 570, 575 [1998]). Moreover, even without an appeal waiver, defendant's guilty plea also forecloses these claims (*see People v Taylor*, 65 NY2d 1 [1985]). In any event, were we to find that these claims are not foreclosed, we would find them to be without merit. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.