Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered April 21, 2015, convicting defendant, upon his plea of guilty, of grand larceny in the first degree and falsifying business records in the first degree, and sentencing him to concurrent terms of two to six years, and order, same court and Justice, entered on or about July 11, 2016, which denied defendant’s CPL 440.10 motion to vacate the judgment, unanimously affirmed.
 

 By pleading guilty, defendant automatically forfeited appellate review of his claim that he was an owner of the stolen property and thus could not be guilty of larceny (see People v Plunkett, 19 NY3d 400 [2012]; see also People v Levin, 57 NY2d 1008 [1982]; People v Mendez, 25 AD3d 346 [1st Dept 2006]). In any event, the record before us establishes that, unlike the situation in People v Zinke (76 NY2d 8 [1990]), defendant adopted a form of business organization whereby he held no ownership interest in the stolen money at the time of the theft.
 

 Defendant received effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; see also Strickland v Washington, 466 US 668 [1984]). As indicated, it would have been unavailing for counsel to litigate the issue of whether defendant was an owner of the stolen property. Defendant’s remaining claims of ineffective assistance are without merit.
 

 Concur — Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.