■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HARLEY, Appellant. [60 NYS3d 824]—

Order, Supreme Court, New York County (Maxwell Wiley, J.), entered on or about February 11, 2016, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered March 26, 2014, unanimously affirmed.

By pleading guilty in the underlying proceeding, defendant automatically forfeited appellate review of his claim, based on *People v Zinke* (76 NY2d 8 [1990]), that he had an ownership interest in the stolen property, and thus could not be guilty of larceny (*see People v Plunkett*, 19 NY3d 400 [2012]; *see also People v Levin*, 57 NY2d 1008 [1982]; *People v Mendez*, 25 AD3d 346 [1st Dept 2006]). While defendant styles his claim as one of "actual innocence," the gist of his claim is that, as a matter of statutory interpretation, his conduct does not constitute larceny. Since such a claim is based on the record that was, or could have been, made before Supreme Court, it is not the proper subject of a CPL 440.10 motion. To the extent defendant's argument could be construed as alleging ineffective assistance of counsel in connection with the guilty plea, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.