People v Henry (2025 NY Slip Op 06729)

People v Henry

2025 NY Slip Op 06729

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-02614
 (Ind. No. 1439/20)

[*1]The People of the State of New York, respondent,
v
Ian Henry, appellant.

Patricia Pazner, New York, NY (Elisabeth Calcaterra of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Melissa Owen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered March 30, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
By entering a plea of guilty, the defendant forfeited his contention that he was exempt from prosecution for criminal possession of a firearm based on his alleged status as a peace officer at the time of the offense (see Penal Law § 265.20[a][1][c]; see generally People v Levin, 57 NY2d 1008, 1009; People v Harley, 154 AD3d 443, 444; People v King, 79 AD3d 907, 907; People v Gerber, 182 AD2d 252, 260-261). To the extent that the defendant contends that the indictment charging him with, inter alia, criminal possession of a firearm was defective, that contention is without merit. The peace officer exemption of Penal Law § 265.20(a)(1)(c) is a proviso, which need not be pleaded in the indictment but may be raised by the accused as a bar to prosecution or a defense at trial (see People v David, 41 NY3d 90, 96; People v Santana, 7 NY3d 234, 236; People v Kohut, 30 NY2d 183, 187; People v Rodriguez, 235 AD3d 541, 542).
Further, by entering a plea of guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea negotiation process (see People v Petgen, 55 NY2d 529, 534-535; People v Ponce, 232 AD3d 741, 742). To the extent that the defendant's ineffective assistance of counsel claim was not forfeited by his plea of guilty, that contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Ponce, 232 AD3d at 742).
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court