[3 NE3d 654, 980 NYS2d 317]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. WORDEN, Appellant.

Argued October 17, 2013; decided November 21, 2013

APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*Timothy S. Davis* of counsel), for appellant.

*Sandra Doorley, District Attorney*, Rochester (*Nicole M. Fantigrossi* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's guilty plea vacated and the case remitted to Monroe County Court for further proceedings on the indictment.

Defendant was charged with two counts of rape in the third degree (*see* Penal Law § 130.25 [3]), arising from incidents of sexual intercourse with his former girlfriend. The complainant testified before the grand jury that defendant had twice initiated sexual intercourse with her while she was under the influence of psychotropic medication that put her into a deep sleep. The complainant further testified that during each incident she awoke and verbally demanded that the intercourse cease. Upon arrest, defendant provided a statement claiming that he and the complainant were in a relationship when the incidents occurred; that she had been awake—though "out of it and tired"—during the intercourse; and that she gave no indication that the sex was non-consensual. Defendant ultimately accepted an offer to plead guilty to one count of third-degree rape under Penal Law § 130.25 (3) in full satisfaction of the indictment. The Appellate

Division affirmed (91 AD3d 1340 [4th Dept 2012]), concluding that defendant's sufficiency challenge was unpreserved and that the preservation exception recognized in *People v Lopez* (71 NY2d 662 [1988]) did not apply.

■ The dispositive issue is whether the plea's factual allocution was sufficient to support the conviction. We hold that it was not. While "trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea" (*People v Moissett*, 76 NY2d 909, 910 [1990]; *see also People v Goldstein*, 12 NY3d 295, 301 [2009]), "where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*Lopez*, 71 NY2d at 666, citing *People v Beasley*, 25 NY2d 483 [1969], and *People v Serrano*, 15 NY2d 304 [1965]).

The record of defendant's plea allocution reveals that the prosecution, defense counsel, and the trial court all misunderstood the definition of "lack of consent" under Penal Law § 130.25 (3).[1] A person is guilty thereunder only if "[h]e or she engages in sexual intercourse with another person without such person's consent *where such lack of consent is by reason of some factor other than incapacity to consent*" (Penal Law § 130.25 [3] [emphasis added]). Insofar as relevant here, the statute further explains that "lack of consent" under this provision of the Penal Law results from "circumstances under which . . . the victim clearly expressed that he or she did not consent to engage in [the sexual] act, and a reasonable person in the actor's situation would have understood such person's words and acts as an expression of lack of consent to such act under all the circumstances" (Penal Law § 130.05 [2] [d]).[2]

Penal Law § 130.25 (3) addresses "so-called date rape or acquaintance rape situations [where] there [might] be consent to various acts leading up to the sexual act, but at the time of the act, the victim clearly says no or otherwise expresses a lack of consent" (*People v Newton*, 8 NY3d 460, 463 [2007] [citation and internal quotation marks omitted]). Accordingly, the statutory

---

1. The allocution also lacked an express statement that defendant was pleading "guilty." While defendant does not rely on this omission as a ground for vacatur, we would note that eliciting such an express statement is obviously advisable in the course of securing a guilty plea.

2. While lack of consent under Penal Law § 130.25 (3) can also be established by proving forcible compulsion (*see* Penal Law § 130.05 [2] [d]), the People's case did not rely on that theory.

provision requires the victim to have "clearly expresse[d] an unwillingness to engage in the sexual act in such a way that a neutral observer would have understood that the victim was not consenting" (*id*. at 464).[3]

Despite the statute's plain terms, questions posed by the prosecutor during the brief colloquy indicate an intention to elicit from defendant that the complainant was unable to consent because she was incapacitated. Moreover, the court's single query during the factual allocution suggests that the court similarly misunderstood that key element of the crime. In an apparent attempt to establish a causal relationship between the complainant's incapacity and her lack of consent, the court asked defendant, "[a]nd [the complainant] didn't give you consent because she took too much medication and she has a mental illness, correct?" By answering in the affirmative, defendant unequivocally negated an element of the crime to which he was pleading guilty.

The record of the allocution here does not merely reflect a moment of unfortunate imprecision; rather, it is emblematic of a general misconception regarding the consent element. If the prosecutor, defense counsel and the court all suffered from the same misunderstanding of the statutorily defined relationship between incapacity and lack of consent, it would be unreasonable to conclude that defendant understood it.

■ Finally, the unusual circumstances of this case bring it within the narrow exception to the preservation requirement recognized in *Lopez* (71 NY2d at 666). Defendant's failure to preserve his factual sufficiency challenge is thus not fatal. This is a prototypical example of the "rare case" where a defendant's "factual recitation negates an essential element of the crime pleaded to," triggering the trial court's "duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (*id*. [citations omitted]). *Lopez* held that "[w]here the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal," notwithstanding his or her failure to raise it before the trial court (*id*. [citations omitted]; *see also People v Mox*, 20 NY3d 936, 938 [2012]).

Here, the factual recitation negated an element of third-degree rape under Penal Law § 130.25 (3). The court's only further

---

**3.** *Newton* addressed the element of lack of consent in the context of third-degree sodomy (*see* Penal Law § 130.40). The analysis is equally relevant here, since the definition of "lack of consent" provided in Penal Law § 130.05 (2) (d) applies exclusively to Penal Law §§ 130.40 and 130.25 (3).

inquiry consisted of a single question that exacerbated the defect in the colloquy. This unusual scenario falls squarely within the *Lopez* exception in that the court should have been aware of the insufficiency of the allocution. On these facts, "the salutary purpose of the preservation rule" is not jeopardized (*see Lopez*, 71 NY2d at 666).

As defendant's plea must be vacated, it is unnecessary for us to reach his remaining argument.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, defendant's guilty plea vacated and case remitted to Monroe County Court for further proceedings on the indictment, in a memorandum.