People v Work (2020 NY Slip Op 00962)





People v Work


2020 NY Slip Op 00962


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1196 KA 17-01911

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY WORK, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered February 1, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings on the superior court information.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that the plea should be vacated on the ground that it was not voluntarily, knowingly or intelligently entered as a result of the mistaken understanding shared by Supreme Court and defense counsel of the legally permissible sentencing options available to the court. We agree. Although defendant failed to preserve his contention for our review (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]), we conclude that the narrow exception to the preservation requirement applies (see generally People v Williams, 27 NY3d 212, 221-222 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). Here, it is evident on the face of the record that defense counsel advocated for a sentence of parole supervision under CPL 410.91 if defendant pleaded guilty, and that the court indicated that it could and would consider imposing such a sentence. However, defendant was not eligible for a parole supervision sentence pursuant to CPL 410.91 because the crime to which defendant agreed to plead guilty was not a "specified offense" under the statute (CPL 410.91 [2]; see CPL 410.91 [5]). Moreover, it is clear on this record that the misunderstanding was not corrected by the court, defense counsel, or the prosecutor. Thus, preservation was not required "[i]nasmuch as defendant—due to the inaccurate advice of his counsel and the trial court—did not know during the plea . . . proceedings that [a sentence under CPL 410.91] w[as] not [permitted] by law" (People v Brooks, 128 AD3d 1467, 1468 [4th Dept 2015] [internal quotation marks omitted]; see People v Williams, 123 AD3d 1376, 1377 [3d Dept 2014]). Under the circumstances of this case, "defendant [could] hardly be expected to move to withdraw his plea on a ground of which he ha[d] no knowledge" (People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014] [internal quotation marks omitted]). Even assuming, arguendo, that the narrow exception to the preservation requirement does not apply (cf. Williams, 27 NY3d at 225), we would nevertheless exercise our power to address defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Brooks, 128 AD3d at 1468).
On the merits, we conclude that defendant's plea should be vacated because "[i]t is impossible to have confidence, on a record like this, that defendant had a clear understanding of what he was doing when he entered his plea" (People v Johnson, 23 NY3d 973, 976 [2014]). In short, we "cannot countenance a conviction that seems to be based on complete confusion by all concerned" (id. at 975-976; see People v Worden, 22 NY3d 982, 985 [2013]; Brooks, 128 AD3d [*2]at 1468). Where, as here, "the prosecutor, defense counsel and the court all suffered from the same misunderstanding of the [court's sentencing discretion], it would be unreasonable to conclude that defendant understood it" (Worden, 22 NY3d at 985; see Brooks, 128 AD3d at 1468-1469). Although the court did not commit to a sentence of parole supervision under CPL 410.91, it erroneously indicated that defendant was eligible for such a sentence and stated that it would consider such a sentence, among all sentencing options, at sentencing—it did not qualify its statement or advise defendant that there was a possibility that he was not eligible for such a sentence (cf. People v Copes, 145 AD3d 1639, 1639-1640 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]; People v Hardy, 32 AD3d 1317, 1318 [4th Dept 2006], lv denied 7 NY3d 925 [2006]). We therefore reverse the judgment, vacate the plea, and remit the matter to Supreme Court for further proceedings on the superior court information. In light of our determination, we do not reach defendant's remaining contentions.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court