People v Douglas (2021 NY Slip Op 06857)





People v Douglas


2021 NY Slip Op 06857


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2014-00554
 (Ind. No. 8017/12)

[*1]The People of the State of New York, respondent,
v
Curtis Douglas, appellant.


Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, Seth M. Lieberman, and Craig Marinaro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered December 17, 2013, convicting him of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.
As charged here, criminal possession of stolen property in the fourth degree requires possession of "a motor vehicle . . . other than a motorcycle" (Penal Law § 165.45[5]). During his plea allocution the defendant admitted to possession of "a motor cycle." No further inquiry was made by the Supreme Court.
"[W]here a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (People v Lopez, 71 NY2d 662, 666). Where, as here, the court fails in its duty to inquire further, a defendant may raise a claim regarding the validity of the plea even without having moved to withdraw the plea (see People v Worden, 22 NY3d 982, 985; People v Gause, 193 AD3d 1074, 1075).
Here, as the defendant contends and the People correctly concede, the Supreme Court's failure to inquire into the validity of the plea after the allocution clearly negated an essential element of the crime requires reversal of the judgment of conviction (see People v Gause, 193 AD3d at 1076; People v Williams, 164 AD3d 624, 625).
In light of this determination, we need not address the defendant's remaining contentions.
CHAMBERS, J.P., HINDS-RADIX, MILLER and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court