People v Rodriguez (2023 NY Slip Op 00678)

People v Rodriguez

2023 NY Slip Op 00678

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-01946

[*1]The People of the State of New York, respondent,
v
Jose E. Rodriguez, appellant. (S.C.I. No. 103/21)

Michael J. Miller, Miller Place, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered February 25, 2021, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the Superior Court Information.
To be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently (see People v Mox, 20 NY3d 936, 938). Generally, a defendant must preserve for appellate review a challenge to the validity of a guilty plea (see People v Lopez, 71 NY2d 662, 665-666). When, however, a "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," the court has a duty to inquire further to make sure that the defendant understands the nature of the charge and that the plea has been intelligently entered (People v Lopez, 71 NY2d at 666; see People v Worden, 22 NY3d 982, 984; People v Williams, 164 AD3d 624, 624). Where the court failed in its duty to inquire further, a defendant may raise a claim regarding the validity of the plea even without having moved to withdraw the plea (see People v Worden, 22 NY3d at 985; People v Lopez, 71 NY2d at 666; People v Williams, 164 AD3d at 625).
In this case, the defendant's contention challenging the validity of his plea of guilty is unpreserved for appellate review since he did not move to withdraw his plea or otherwise raise that issue prior to the imposition of sentence (see People v Lopez, 71 NY2d 662; People v Smith, 193 AD3d 986, 986). However, the County Court's failure to inquire into the validity of the plea after the defendant's allocution raised the possibility of an affirmative defense based on duress (see Penal Law § 40.00) permits the defendant to challenge the sufficiency of the allocution on direct appeal, and requires reversal of the judgment of conviction (see People v Williams, 164 AD3d at 625; People v Grason, 107 AD3d 1015, 1016).
The defendant's remaining contentions need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court