People v Carrington (2025 NY Slip Op 51034(U))

[*1]

People v Carrington (Dominique)

2025 NY Slip Op 51034(U)

Decided on June 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570149/20

The People of the State of New York Respondent, 
against
Dominique Carrington, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lumarie Maldonado-Cruz, J.), rendered March 5, 2020, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Lumarie Maldonado-Cruz, J.), rendered March 5, 2020, reversed, on the law, the plea vacated and the matter remanded for further proceedings.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of assault in the third degree (see Penal Law § 120.00 [1]). The "physical injury" element of the crime was satisfied by allegations that defendant "str[uck] [the victim] about the face with a closed fist, causing a laceration to his face." Based on these allegations, a reasonable person could infer that the victim felt substantial pain (see People v Henderson, 92 NY2d 677, 680 [1999]; Penal Law § 10.00 [9]), a term that simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; People v Mercado, 94 AD3d 502, 502 [2012], lv denied 19 NY3d 999 [2012]).
During the plea allocution to the third-degree (intentional) assault charge, defendant admitted that he both intentionally and recklessly caused injury to the victim. However, "a person cannot act both intentionally and recklessly with respect to the same result. The act is either intended or not intended; it cannot simultaneously be both ... guilt of one necessarily negates guilt of the other" (People v Gonzalez, 1 NY3d 464, 468 [2004][internal quotation marks and citation omitted]). Thus, the record fails to demonstrate that the plea to intentional assault was entered knowingly and intelligently (see People v Johnson, 23 NY3d 973, 975-976 [2014]; People v Worden, 22 NY3d 982, 985-986 [2013]). In view of the serious nature of the charges, we remand for further proceedings.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 27, 2025