People v Stiles (2025 NY Slip Op 51033(U))

[*1]

People v Stiles (Aaron)

2025 NY Slip Op 51033(U) [86 Misc 3d 131(A)]

Decided on June 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 27, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570010/20

The People of the State of New
York, Respondent, 
against
Aaron Stiles,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Richard A. Tsai, J.), rendered December 13, 2019, convicting him,
upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Richard A. Tsai, J.), rendered December 13, 2019, affirmed.

At the commencement of the plea proceeding, defense counsel stated that his client
authorized him to enter a plea of guilty to the charge of petit larceny, in exchange for a
sentence of conditional discharge and restitution in the sum of $1,000. Counsel also
waived prosecution by information and formal allocution. However, upon questioning by
the court, defendant made statements calling into question the voluntariness of the plea.
Defense counsel then requested a second call so that he could confer with defendant. At
the second call, defense counsel stated that he spoke to his client "at length," and that he
was ready to enter the plea in exchange for the promised sentence. Defendant was then
fully allocuted by the court and no issue is presently raised as to the validity of the
plea.
Contrary to defendant's contention, the record shows a valid waiver of the right to
prosecution by information. Having expressly waived the right at the commencement of
the plea proceeding, counsel was not required to repeat the waiver at the second call,
since the proceedings at the second call were a continuation of the same plea agreement.
Defendant's further challenges to the waiver are unavailing.
In these circumstances, the accusatory instrument is assessed under the reasonable
cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]), and so viewed, was jurisdictionally valid. Giving the allegations "a fair
and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354,
360 [2000]), and "drawing reasonable inferences from all the facts set forth in the
accusatory instrument" (People v Jackson, 18 NY3d 738, 747 [2012]), the
accusatory instrument contains sufficient facts to demonstrate "reasonable cause to
believe" (CPL 100.40 [4] [b]) that defendant committed petit larceny when he cashed
[*2]five checks from the victim's bank account that were
made payable to him without the victim's permission (see CPL 155.25, 155.00
[1]). The complaint stated the time, date and location of the events, and otherwise
provided defendant with enough information of how he committed the crime to put him
on notice of the crime and to prevent him from facing double jeopardy on the same
charges (see Dumay, 23 NY3d at 524-526). Any additional questions regarding
how the police concluded that defendant was the perpetrator was a matter to be raised at
trial, not by insistence that the instrument was jurisdictionally defective (see People v
Konieczny, 2 NY3d 569, 577 [2004]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 27, 2025