■ THE PEOPLE THE STATE OF NEW YORK, Appellant, v GERARD TY WHITEHEAD, Respondent.—Weiss, J. Appeal from an order of the County Court of Sullivan County (Hanofee, J.), entered March 16, 1987, which granted defendant's motion to suppress evidence.

Defendant was charged in a two-count indictment with criminal possession of a controlled substance in the third and fourth degrees. The sole question on this appeal is whether County Court properly granted defendant's motion to suppress physical evidence seized from his person during an early morning street encounter with the police.

The minutes of the suppression hearing show that at approximately 2:00 A.M. on September 9, 1986, State Troopers Kenneth Ropke and Joseph Aversa were driving in a marked police vehicle through a residential area of the Village of Monticello, Sullivan County, when they observed a vehicle stopped in the middle of the street near an attorney's office. After defendant and another exited the vehicle, it was driven into the attorney's driveway and parked. Defendant remained on the opposite sidewalk. Deciding to investigate, the Troopers pulled their vehicle into the driveway, directly behind the other car. Ropke requested identification and an explanation from the driver, who indicated that they had dropped off a friend and "were just waiting for [the Troopers] to go by"

before turning around. When the driver reached for his wallet, Ropke observed a butter knife in the driver's pocket and removed it. Ropke then called out to defendant, who crossed the street and joined the others in the driveway. When asked for identification, defendant initially reached into the right pocket of his waist-length jacket, but pulled his hand back and turned his right side away from the Trooper. Defendant took a "layaway" slip out of his left pocket and handed it to the Trooper. The paper did not include any identification information.

Ropke observed a fist-sized bulge in defendant's right pocket and, upon inquiry, defendant responded that it was "nothing". Defendant began to move away with his right hand near the right pocket. When Ropke, who admittedly could not tell whether the bulge was a pistol, attempted to reach out towards the pocket, defendant pushed his hand away. Ropke grabbed defendant and directed Aversa to search the pocket. As Aversa approached, defendant was still trying to reach into his pocket. Aversa pushed defendant's hand away, and reaching directly into the pocket, retrieved two plastic vials containing capsules of a substance the Troopers recognized as "crack", a form of cocaine. County Court essentially determined that the Troopers had a reasonable basis to conduct a limited pat down of defendant to ascertain whether he was armed, but that they exceeded the scope of this authority by directly seizing the evidence from defendant's pocket. The evidence was suppressed as the product of an unconstitutional search and seizure, giving rise to this appeal by the People.

We reverse. In determining the propriety of a "stop and frisk" encounter, we look to whether the police action was justified in its inception and reasonably related in scope to the prevailing circumstances *(People v Cantor,* 36 NY2d 106, 111). We have little difficulty in finding a reasonable basis for the Troopers to initially approach defendant and his companions, and to seek an explanation for their presence *(see,* CPL 140.50 [1]). The late hour and unusual behavior of the group were sufficient to indicate that criminal activity was afoot. We further agree that defendant's evasive behavior could form a basis for the suspicion that he was armed, thus authorizing a search *(see,* CPL 140.50 [3]; *People v Benjamin,* 51 NY2d 267; *People v De Bour,* 40 NY2d 210, 223; *cf., People v Sanchez,* 38 NY2d 72, 74). The pivotal question is whether the police exceeded the scope of their search authority by failing to conduct only a limited pat down. We think not.

Generally, a search must "be confined in scope to an intru-

sion reasonably designed to discover" a concealed weapon, an objective best accomplished by a limited external pat down of the suspect *(Terry v Ohio,* 392 US 1, 29; *accord, Sibron v New York,* 392 US 40, 65; *see,* 3 La Fave, Search and Seizure § 9.4 [b], at 517-519 [2d ed]). There are instances, however, where an immediate protective search is compelled by the events developing at an encounter *(see, Adams v Williams,* 407 US 143; 3 La Fave, Search and Seizure § 9.4 [b], at 517-519 [2d ed]). This is precisely such a situation. Defendant failed to provide any identification, denied that there was anything in his right pocket, attempted to conceal the contents of this pocket, began to walk away from the scene and, when seized by Ropke, continually tried to reach into his pocket. Significantly, Aversa had to push defendant's hand away in order to reach the pocket first. It is evident that the potential for being injured was real and immediate. The Troopers were not obligated "to await the glint of steel" before responding to protect themselves *(People v Benjamin, supra,* at 271). Considering the totality of the circumstances, we conclude that it was reasonable for Aversa to forego a limited pat down in favor of an immediate search of defendant's pocket. Therefore, County Court erred in granting defendant's motion to suppress the physical evidence seized.

Order reversed, on the facts, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.