■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS WHITNEY, Appellant.—Judgment of the Supreme Court, New York County (Richard B. Lowe, III, J.), rendered October 20, 1988, convicting defendant, after jury trial, of robbery in the first degree, robbery in the second degree and assault in the second degree, and sentencing defendant to concurrent indeterminate terms of imprisonment of from 8⅓ to 25 years, 5 to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Responding within minutes to a radio run that a male black had committed an assault at 274 19th Street, the police were met by a very excited male Hispanic who told them someone inside the building had been stabbed. At that point, defendant, a male black, exited the building followed by a male Hispanic who, looking directly at the officers, pointed toward defendant. One of the officers then noticed that defendant had blood on his right hand and called out to his partner, whereupon defendant immediately put the hand in his right pocket and moved it around in a "suspicious" manner. The officer also called out to defendant to stop and put his hands against the wall, but defendant failed to respond. When defendant did finally respond, one of the officers reached into defendant's right jacket pocket, finding nothing. The second officer then noticed that defendant also had blood dripping from his left hand and told his partner, who immediately put his hand into defendant's left pocket, finding a bloodstained gravity knife and handkerchief.

There is no dispute that the police had reasonable suspicion to believe defendant had committed a crime and was armed, and they were therefore entitled to stop him and conduct a limited search for weapons to protect themselves (People v Benjamin, 51 NY2d 267). Moreover, the actions of defendant in reaching into his pocket and moving his hand around together with his failure to immediately respond to the direc-

tions of the officer to stop provided sufficient exigent circumstances to warrant the immediate search of defendant's pockets (see, People v Whitehead, 135 AD2d 997). Once the police found the knife and handkerchief, they had probable cause to arrest defendant. The subsequent identification procedures were properly conducted pursuant to that arrest and were not unnecessarily suggestive.

Defendant's permission to proceed pro se was properly revoked. It became clear almost immediately after the court reluctantly granted defendant's request to proceed pro se that his desire to represent himself was merely an attempt to secure an adjournment for which he could state no adequate basis. Having revoked defendant's permission to proceed pro se, the court was well within its rights in refusing defendant's midtrial request to deliver a summation, absent any cognizable legal basis for the request (see, People v Garcia, 69 NY2d 903, rearg denied 70 NY2d 694; People v McIntyre, 36 NY2d 10).

The court properly refused to allow defendant to call two witnesses in surrebuttal. The only apparent purpose for calling the witnesses was to lay a foundation for a report which defendant was permitted to introduce into evidence.

Defendant was not entitled to a pretrial determination of his motion to suppress his statement on the ground that it was coerced. The prosecution agreed that defendant's statement would be used solely to impeach him should he choose to testify (cf., CPL 710.40 [3]). Under these circumstances, defendant's rights were adequately protected by the hearing conducted after he had taken the stand.

Defendant's contentions concerning alleged errors in the court's charge were both unpreserved for our review and without merit.

Finally, in view of defendant's act of violence against elderly victims, his sentence is not excessive. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.