■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CROMER, Appellant. [753 NYS2d 716] —Judgment, Supreme Court, New York County (Megan Tallmer, J.), rendered October 25, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The jury's verdict rejecting defendant's agency defense was based on legally sufficient evidence and was not against the weight of the evidence. Although the transaction may have been more cordial than most, there is no reason to conclude that it was essentially a romantic encounter (*compare People v Tucker*, 288 AD2d 95). On the contrary, the evidence clearly warranted the conclusion that defendant's primary purpose was to make money for himself and not to do a "favor" for the undercover officer (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935). We note, inter alia, that defendant sold the drugs to the officer for $5 more than the usual rate and, upon arrest, was found in possession of the additional $5 of prerecorded buy money.

This Court's prior order, which denied defendant's motion for release of the grand jury minutes, is dispositive of defendant's claim that the absence of such minutes unduly hinders defendant's ability to present an appeal (*see People v Alvarado*, 269 AD2d 104, *lv denied* 94 NY2d 916). In any event, defendant has failed to establish a compelling need for the grand jury minutes (*see People v Robinson*, 98 NY2d 755; *People v Fetcho*, 91 NY2d 765).

The court properly exercised its discretion in placing reasonable limits on defendant's cross-examination of the undercover officer (*see Delaware v Van Arsdall*, 475 US 673, 678-679). Defendant sought to pursue a line of questioning that was excessively remote to any material issue.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.