Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered October 19, 2009, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years, unanimously affirmed.
Defendant was not prejudiced by the fact that the indictment charged him with both entering and remaining unlawfully, and by the court and prosecutor’s references to these mutually exclusive theories of burglary (see People v Gaines, 74 NY2d 358 [1989]) at early stages of the trial. The court’s final instructions conveyed the correct elements of second-degree burglary under a theory of unlawful entry only. Furthermore, it was clear from *612 the evidence that the People were proceeding under a theory of unlawful entry, not a theory of unlawful remaining, under which “a defendant must have entered legally, but remain for the purpose of committing a crime after authorization to be on the premises terminates” (id. at 363). Given the evidence and the court’s instructions, there is no reasonable possibility that the jury convicted defendant under an improper theory that he entered the victims’ apartment unlawfully, but without criminal intent, and then formed such an intent while in the apartment (see e.g. People v Agrelo-Travieso, 257 AD2d 514, 515 [1999], lv denied 93 NY2d 870 [1999]).
Defendant’s argument that the submission of two theories of second-degree burglary to the grand jury impaired the integrity of the proceeding is unpreserved and we decline to review it in the interest of justice. Defendant’s generalized reference to grand jury instructions in his pretrial omnibus motion was insufficient to preserve this claim (see People v Brown, 81 NY2d 798 [1993]). Moreover, defendant had an opportunity to challenge the grand jury instructions when the entering/remaining issue came up at trial, but he did not do so. As an alternative holding, we reject it on the merits. The prosecutor’s reading of the relevant statutory provisions was sufficient to enable the grand jury to determine whether a crime was committed and whether legally sufficient evidence existed to establish the material elements of that crime (see People v Calbud, Inc., 49 NY2d 389, 394-396 [1980]; People v Scott, 175 AD2d 625, 626 [4th Dept 1991], lv denied 78 NY2d 1130 [1991]).
Those portions of the prosecutor’s summation to which defendant objected, during the summation itself, as burden-shifting were constitutionally permissible comments on the evidence in response to defense arguments, and the court properly exercised its discretion in denying defendant’s mistrial motion. Defendant’s remaining challenges to the prosecutor’s summation, as well as his challenges to the court’s responses to inquiries from the deliberating jury, are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]; see also People v Padro, 75 NY2d 820 [1990]) and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
We have considered and rejected defendant’s arguments concerning his motion to suppress identification testimony (see e.g. People v Ramos, 261 AD2d 149 [1st Dept 1999], lv denied 93 NY2d 1025 [1999]), and his claim that he was entitled to a pretrial determination of whether his statements to police could be used to impeach him should he choose to testify (see People v Whitney, 167 AD2d 254 [1st Dept 1990], lv denied 77 NY2d 912 *613 [1991]).
Concur—Gonzalez, EJ., Mazzarelli, Moskowitz, Renwick and Manzanet-Daniels, JJ.