■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SIMMONS, Appellant. [985 NYS2d 246]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered February 10, 2012, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

Defendant's challenges to the prosecutor's cross-examination and summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The challenged portions of the cross-examination of defendant constituted permissible impeachment, and the court's curative action was sufficient to prevent the prosecutor's misstatement of the record during summation from causing any prejudice.

Because the statements defendant challenged as involuntary were to be used solely to impeach defendant if he opted to testify, the court did not err in declining to conduct a pretrial hearing on the voluntariness of those statements (*see People v Whitney*, 167 AD2d 254, 255 [1st Dept 1990], *lv denied* 77 NY2d 912 [1991]). Defendant's rights would have adequately been protected by a midtrial hearing in the event that he chose to take the stand (*see id.*). However, when defendant ultimately chose to testify, his attorney made no request for a hearing, and thus abandoned the issue of voluntariness. In any event, there is nothing in the record to indicate any basis for challenging the admissibility, for impeachment purposes, of defendant's statements.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.