■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BAEZ, Appellant. [48 NYS3d 589]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered April 25, 2014, convicting defendant, upon his plea of guilty, of burglary in the third degree and auto stripping in the third degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

Defendant did not preserve his challenge to his plea allocution, and we decline to review it in the interest of justice. The narrow exception to the preservation rule explained in *People v Lopez* (71 NY2d 662, 665-666 [1988]) does not apply because defendant's factual recitation did not negate any element of the crime or cast significant doubt on his guilt. Defendant admitted his guilt of the precise conduct with which he was charged. The essence of defendant's argument is that the admitted acts did not, as a matter of statutory interpretation, satisfy the "building" element of burglary as defined in Penal Law § 140.00 (2). However, such a claim is forfeited by a guilty plea (*see People v Levin*, 57 NY2d 1008 [1982]; *People v Mendez*, 25 AD3d 346 [1st Dept 2006]), and it cannot be revived by characterizing it as a challenge to the plea allocution (*see*

*People v Greeman*, 49 AD3d 463, 464 [2008], *lv denied* 10 NY3d 934 [2008]). As an alternative holding, we find that the plea was knowing, intelligent and voluntary. Apart from the foreclosed statutory interpretation argument, the record does not otherwise support defendant's assertion that the plea was the product of "confusion" about any elements of the burglary charge. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.