People v Ramos (2022 NY Slip Op 00631)





People v Ramos


2022 NY Slip Op 00631


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Ind. No. 2391/15 Appeal No. 15193 Case No. 2020-00410 

[*1]The People of the State of New York, Respondent,
v
David Ramos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth Vasily of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 6, 2019, as amended March 6, 2020, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and possession of marijuana in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of seven years, unanimously affirmed.
By deleting extraneous and irrelevant language, the court did not unlawfully amend the indictment. The second count of the indictment charged defendant with criminal possession of a weapon in the second degree, based on the theory that he possessed a loaded firearm and had previously been convicted of a crime (see Penal Law § 265.03[3]; Penal Law § 265.02[1]). In accordance with CPL 200.60, the language of the count did not refer to defendant's prior conviction; instead, the People charged, in a special information, that defendant had previously been convicted of criminal possession of a controlled substance in the third degree. However, this count included the allegation that the weapon possession did not occur in defendant's "home or place of business," which did not apply to defendant because he was charged on a "previously convicted of any crime" theory. "[W]here the defendant has a previous conviction, the [home or business] exception never comes into play, its inapplicability is not an element of the offense, and the indictment need not allude to it" (People v Jones, 22 NY3d 53, 60 [2013]). Under these circumstances, the court properly amended this count by removing the allegation that the firearm possession did not occur in defendant's home or place of business. In so doing, the court did not "change the theory or theories of the prosecution as reflected in the evidence before the grand jury" (CPL 200.70[1]). The prior conviction was presented to the grand jury, and, in compliance with CPL 200.60, was alleged in the special information that was served with the indictment. Defendant had full notice of the People's actual theory, which was that defendant fired a pistol from his apartment, that he later threw it out of his window as he was fleeing from the police, and that the count at issue was a felony only because of defendant's prior conviction. Accordingly, defendant has not established any form of prejudice. If an indictment contains misleading language suggesting an inapplicable alternative theory, such a theory should be removed from the jury's consideration (see People v Green, 105 AD3d 611, 611-612 [1st Dept 2013], lv denied 21 NY3d 1015 [2013] [inapplicable "unlawful remaining" language in burglary count cured by charging "unlawful entry" only]).
The evidence indicated that a witness's spontaneous, happenstance identification of defendant to police officers, while defendant was being led out of his building, was purely civilian-initiated and not police-arranged. Therefore, defendant was not entitled to notice of the identification [*2]pursuant to CPL 710.30 or to a Wade hearing (see People v Dixon, 85 NY2d 218, 222-223 [1995]; People v Colon, 15 AD3d 214 [1st Dept 2005], lv denied 5 NY3d 760 [2005]). We note that defendant had the opportunity to develop the record further in this regard, but did not do so. In any event, any error in admitting the identification testimony was harmless (see People v Crimmins, 36 NY2d 230 [1975]). The identification, as such, added little or nothing to the People's overwhelming case. Among other things, even if the identification testimony had been precluded or suppressed, the witness would have still testified that he saw a person meeting defendant's description firing a pistol from the window of an apartment that was established to be defendant's residence.
Defendant was not entitled to a hearing pursuant to Franks v Delaware (438 US 154 [1978]) to challenge the veracity of the affiant's statements in the application for a search warrant for defendant's apartment that the police obtained after the arrest, and that resulted in the recovery of marijuana. Defendant failed to make a "substantial preliminary showing" that the affidavit for a search warrant contained a false statement that was made "knowingly and intentionally" or with "reckless disregard for the truth," and also failed to show that "the allegedly false statement [was] necessary to the finding of probable cause (id. at 155-56). The affiant stated that he observed a bag, found to contain a pistol, being dropped from defendant's apartment; in fact, the officer saw the bag being dropped, as defendant was jumping out of his window, under circumstances leading to the inescapable conclusion that the bag emanated from defendant's window. This purported discrepancy fell far short of an intentional or reckless statement.
We decline to vacate the marijuana conviction either on the law or as a matter of discretion in the interest of justice. Defendant, who possessed approximately 23 ounces of marijuana in his apartment, was convicted of criminal possession of marijuana in the second degree pursuant to former Penal Law § 221.25, which made possession of more than 16 ounces of marijuana a class D felony. Article 221 of the Penal Law was repealed in 2021 and replaced by article 222, under which the possession of up to 80 ounces of marijuana in one's home is legal. We reject defendant's argument that, as an ameliorative statute, article 222 applies to defendants who were sentenced before its enactment. "An ameliorative amendment generally cannot be applied in favor of an offender tried and sentenced before its enactment. This inevitably follows from the settled rule that, once final judgment has been pronounced, a change in the law does not arrest or interfere with the execution of sentence" (People v Utsey, 7 NY3d 398, 404 [2006] [internal quotation marks omitted]; see also People v Walker, 81 NY2d 661 [1993]). This principle renders inapplicable the rule that "cases on direct appeal are generally [*3]decided in accordance with the law as it exists at the time the appellate decision is made" (People v Vasquez, 88 NY2d 561, 573 [1996]). Furthermore, an additional reason for not vacating this conviction on direct appeal is that CPL 440.46-a, enacted at the same time as Penal Law article 222, provides a specific mechanism for the resentencing of defendants who were convicted under former article 221, but whose conduct would constitute a lesser offense, or no offense at all, under article 222.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022