People v Conyers (2023 NY Slip Op 00042)

People v Conyers

2023 NY Slip Op 00042

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind No. 2102/18 Appeal No. 17019 Case No. 2020-00404 

[*1]The People of the State of New York, Respondent,
v
Rian Conyers, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered November 7, 2019, convicting defendant, after a nonjury trial, of attempted burglary in the second degree as a sexually motivated felony, burglary in the third degree as a sexually motivated felony and public lewdness in the first degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating so much of the judgment as certified defendant as a sex offender, required him to register under the Sex Offender Registration Act (Correction Law art 6-C) and imposed a $50 sex offender fee, and otherwise affirmed.
Defendant did not preserve his claim that his indictment for attempted second-degree burglary as a sexually motivated felony was repugnant, in that the grand jury did not indict him for the lesser included offense of attempted second-degree burglary, and we decline to review it in the interest of justice. Although defendant moved to dismiss the indictment on the grounds that the indictment and the grand jury proceeding were defective under CPL 210.25 and 210.35, that "generalized reference" did not alert the court to his present claim (People v Green, 105 AD3d 611, 612 [1st Dept 2013], lv denied 21 NY3d 1015 [2013]). Moreover, defense counsel learned of the claimed defect during trial but made no repugnancy claim at that time. Nor is the indictment jurisdictionally defective such that preservation is not required (see People v Iannone, 45 NY2d 589, 600 [1978]). Furthermore, defendant is essentially claiming that the grand jury evidence was rendered insufficient by the grand jury's dismissal of a lesser count containing essential elements of the greater count, and appellate review of such a claim is foreclosed by CPL 210.30(6).
The court's verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that defendant entered each of the premises at issue with the intent to commit a crime.
Defendant's convictions of third-degree burglary as a sexually motivated felony and attempted second-degree burglary as a sexually motivated felony are not registerable offenses under the Sex Offender Registration Act (see People v Simmons, 203 AD3d 106 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]). We therefore modify the judgment as indicated in the interest of justice.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023