People v Govan (2024 NY Slip Op 02025)

People v Govan

2024 NY Slip Op 02025

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Ind. No. 3615/15 Appeal No. 1891 Case No. 2019-5474 

[*1]The People of the State of New York, Respondent,
v
George Govan, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 4, 2017, as amended January 30, 2018, convicting defendant, after a jury trial, of rape in the first degree, sexual abuse in the first degree, and assault in the second degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.
The DNA analyst's testimony and related documentary evidence did not violate defendant's right of confrontation. After explaining the steps involved in DNA testing ("evidence examination," i.e., visually and chemically examining the sample; "DNA extraction," i.e. removing the biological material; "DNA quantitation," i.e., determining how much DNA is present in the sample; "polymerase chain reaction," i.e., "creating millions of copies of the 15 or 16 different areas of DNA being tested;" and running those millions of copies "through the capillary electrophoresis instrument [,] which generates the data that is interpreted by analyst[s]"), the analyst stated that "there were parts of the DNA testing" of the vulva and perianal swabs "that [she] personally did," and "wrote the report. . . summarizing the results" of the DNA testing. She further stated that "when writing [the] report, [she was] looking at every single step of the DNA testing process from exam to the generation of the final result and making [her] own personal independent conclusions and interpretations from the testing and the data that had been generated." Accordingly, "the analyst's testimony demonstrated [that she made] her own independent analysis of the raw data to make the comparison, and the analysis was not merely a conduit for the conclusions of others" (People v Taylor, 215 AD3d 431, 432 [1st Dept 2023] [internal quotation marks and brackets omitted], lv denied 40 NY3d 931 [2023]; compare People v Jordan, 40 NY3d 396, 401-402 [2023][determining that a single analyst may testify so long as it is an analyst who witnessed, performed, or supervised the final step that generates the DNA profile or who used his or her independent analysis on the raw data]).
As to defendant's challenges to the prosecutor's comments on summation, defendant preserved only the contention that the prosecutor improperly shifted the burden of proof by stating, in response to defense counsel's argument that any sexual contact between defendant and the victim was consensual, that there was "not a shred of testimony" to support the argument, which was "nothing more than rampant speculation." The prosecutor was not shifting the burden, but permissibly making an evidence-based argument in response to the defense summation (see People v Green, 105 AD3d 611, 612 [1st Dept 2013], lv denied 21 NY3d 1015 [2013]). Defendant's remaining challenges are unpreserved, as he did not object, made only general objections, or did not object further after the court's curative instructions (see People v Romero, 7 NY3d 911, 912 [2006]; People v Heide, 84 NY2d 943, 944 [1994]), and we decline to [*2]review them in the interest of justice.
As an alternative holding, we find that the prosecutor's remark that the jury should not "let the defendant get away with this" was inappropriate (see People v Collins, 12 AD3d 33, 40 [1st Dept 2004]; People v Meyers, 11 AD3d 221, 222 [1st Dept 2004], lv denied 4 NY3d 765 [2005]), but that this error, and any other improprieties in the challenged comments, were not so egregious as to deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133, 136-137 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence, including the 10-year term of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024