People v Fontanez (2025 NY Slip Op 05166)

People v Fontanez

2025 NY Slip Op 05166

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Ind. No. 1051/18|Appeal No. 4726|Case No. 2019-02617|

[*1]The People of the State of New York, Respondent,
v
Rafael Fontanez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Frank Xiao of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael Obus, J., on motions; Curtis J. Farber, J., at plea; Steven Statsinger, J., at sentencing), rendered April 11, 2019, as amended May 2, 2019, convicting defendant, upon his guilty plea, of attempted criminal tampering in the first degree, and sentencing him, as a second felony offender, to a term of 1 ½ to 3 years, unanimously affirmed.
Defendant contends that the legal definition of first-degree criminal tampering given as part of the grand jury instructions was defective and that the defect was so fundamental as to "impair[]" the "integrity" of the grand jury proceeding, warranting dismissal of the indictment under CPL 210.35(5). Specifically, defendant contends that the prosecutor omitted or failed to adequately define the element of "a substantial interruption or impairment of a service rendered to the public" (see Penal Law § 145.20).
Defendant waived his challenge to the grand jury instructions when he waived his right to appeal (see People v Higgs, 146 AD3d 981, 981 [2d Dept 2017], lv denied 29 NY3d 1080 [2017]; see also People v Correa, 228 AD3d 409, 410 [1st Dept 2024], lv denied 42 NY3d 1079 [2025]). Defendant also forfeited his challenge to the grand jury instructions by pleading guilty (see People v Rosado, 202 AD3d 445, 445 [1st Dept 2022], lv denied 38 NY3d 953 [2022]; People v Rivera, 93 AD3d 409, 409 [1st Dept 2012], lv denied 19 NY3d 866 [2012]). Defendant's challenge to the grand jury instructions is also unpreserved, as defendant did not raise the specific issue he seeks to raise on appeal in any of his motions and "[d]efendant's generalized reference to grand jury instructions in his pretrial omnibus motion was insufficient to preserve this claim" (see People v Green, 105 AD3d 611, 612 [1st Dept 2013], lv denied 21 NY3d 1015 [2013]; see also People v Brown, 81 NY2d 798, 799 [1993]).
Alternatively, we find, after in camera review of the grand jury instructions, that defendant's challenge thereto is unavailing. The grand jury instructions were facially sufficient, regardless of how the "substantial interruption or impairment of a service rendered to the public" element of the first-degree criminal tampering offense is defined. The prosecutor fully and accurately quoted to the grand jury the statutory definition of criminal tampering in the first degree; no further explanation was required (see Green, 105 AD3d at 612; Rivera, 93 AD3d at 409-410).
In view of our disposition of this issue, we need not reach the parties' arguments with respect to the proper interpretation of the relevant statutory language.
"This Court's prior order, which denied defendant's motion to expand the record to include grand jury minutes, is dispositive of his claim that the absence of such minutes unduly hinders his ability to present an appeal" (see People v Roberts, 7 AD3d 429, 429 [1st Dept 2004], lv denied 3 NY3d 711 [2004]; People v Cromer, 302 AD2d 218, 218 [1st Dept 2003], lv denied 100 NY2d 537 [2003]). Defendant has not at any rate demonstrated a compelling and particularized need for access to the grand jury minutes (see People v Robinson, 98 NY2d 755, 756 [2002)], especially since the issue defendant now seeks to raise was forfeited by his guilty plea (see Roberts, 7 AD3d at 429-430).
Defendant's challenge to the validity of his guilty plea under People v Lopez (71 NY2d 662, 666 [1988]) is also unavailing. "Defendant admitted his guilt of the precise conduct with which he was charged," and his claim that "the admitted acts did not, as a matter of statutory interpretation," satisfy the "substantial interruption or impairment of a service rendered to the public" element of first-degree criminal tampering was forfeited by his guilty plea and "cannot be revived by characterizing it as a challenge to the plea allocution" (see People v Baez, 148 AD3d 517, 517 [1st Dept 2017], lv denied 29 NY3d 1028 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025